UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KRISTAL M. MIZE,

    Plaintiff,

v.

TRUEACCORD CORP. and
LVNV FUNDING, LLC,

    Defendants.
_____/

CASE NO. 5:21-cv-00427

JURY TRIAL DEMANDED

## COMPLAINT

NOW comes KRISTAL M. MIZE ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of TRUEACCORD CORP. ("TrueAccord") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes § 559.55 *et seq.*, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims herein occurred in the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Sorrento, Florida, which lies within the Middle District of Florida.

5. TrueAccord is a third-party debt collector that claims to make "debt collection empathetic and customer-focused."[1] TrueAccord is incorporated in the State of Delaware and is headquartered at 303 Second Street, Suite 750, San Francisco, CA 94107. TrueAccord regularly collects debt from consumers in the State of Florida.

6. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada. LVNV regularly collects from consumers in the State of Florida.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

8. Joinder of Plaintiffs' claims against Defendants is proper under Fed. R. Civ. P. 20(a)(1) and Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

---

[1] https://www.trueaccord.com/about-us/mission-and-values
[2] http://www.lvnvfunding.com/

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendants' attempts to collect on a consumer obligation ("subject debt") that Plaintiff allegedly owes.

10. Upon information and belief, the subject debt arose from Plaintiff's purported default on a consumer account originally owed to Credit One Bank in the amount of $599.74.

11. Upon information and belief, after Plaintiff's purported default, the subject debt was purchased by LVNV and turned over to TrueAccord for collection purposes.

12. During 2021 TrueAccord has emailed and sent text messages to Plaintiff's cellular phone (561) XXX-1750.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1750. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Plaintiff demanded that TrueAccord cease calling her.

15. On or about April 7, 2021, Plaintiff called TrueAccord after viewing the subject debt on her credit report.

16. During this call Plaintiff also advised TrueAccord that she disputed the subject debt.

17. Plaintiff also provided TrueAccord with her mailing address during this call.

18. On or about April 13, 2021, TrueAccord sent a dunning text message to Plaintiff from the number (866) 611-2731.

19. The text message requested Plaintiff to click on a link to go to her account.

20. Plaintiff clicked on the link only to find out that it led to an account purportedly owed by a different individual, "Deborah L.", in an amount of $869.06.

21. The "Deborah L." account had as its creditor LVNV.

22. Plaintiff did not and does not know any "Deborah L." or recognize the account and its amount.

23. Further, on or about April 29, 2021, TrueAccord again sent a text message to Plaintiff to collect.

24. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with her attorney regarding her rights, resulting in exhausting time and resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

26. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation accompanying collection calls and texts, aggravation resulting from being contacted for stranger's debt, diminished usability of her own cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA as she was allegedly obligated to pay the subject debt.

29. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendants either identify themselves as debt collectors and engage in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others or are alternatively a business where the principal purpose is the collection of debts. 15 U.S.C. §1692a(6).

31. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. TrueAccord attempted to collect from Plaintiff on LVNV's behalf and at its direction.

33. Hence, LVNV is TrueAccord's principal and is liable for TrueAccord's actions as it exercises control over the latter's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

    a. **Violations of FDCPA § 1692c(a)(1) and § 1692d**

34. The FDCPA prohibits a debt collector from contacting the consumer at unusual time or place or a time or place known or should be known to be inconvenient to the consumer. § 1692c(a)(1).

35. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

36. Defendants violated § 1692c(a)(1) and § 1692d when it sent unwanted text messages to Plaintiff while knowing that Plaintiff did not consent to these text messages. This repeated behavior of texting Plaintiff in connection with debt collection without Plaintiff's consent was harassing and abusive. Defendants willfully ignored Plaintiff's demand by texting her with the intent to harass and annoy her.

37. Defendants were notified by Plaintiff that its phone contacts were not welcomed. As such, Defendants knew that their conduct was inconvenient and harassing to Plaintiff.

38. Even more egregiously, Defendants sent Plaintiff a text message labeled for "Deborah L." which contained a link to a debt file that did not belong to Plaintiff. Such behavior of disclosing debt information to irrelevant third parties worked to worry and further harass Plaintiff in that it implied to her that her debt file could similarly be disclosed to strangers.

    b.  **Violations of FDCPA § 1692e**

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

41. Defendants violated §1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendants stop contacting her, they continued to contact Plaintiff via texts in a deceptive attempt to force her to pick up contact with itself and ultimately make a payment. Through its conduct, Defendants misleadingly represented to Plaintiff that it had the legal ability to contact Plaintiff when it in fact did not.

42. Defendants also violated the above subsections through sending stranger's debt file to Plaintiff in a deceptive attempt to confuse her and harass her into making contact.

    c.  **Violations of FDCPA § 1692f**

43. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. More specifically, § 1692f(1) prohibits

6

> The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

45. Defendants violated § 1692f and § 1692f(1) when it unfairly and unconscionably contacted Plaintiff on a purported debt owed by someone else who had no connection with Plaintiff in any respect. Such means employed by Defendants only served to worry and confuse Plaintiff.

46. Further, Defendants violated § 1692f when they sent unwanted texts to Plaintiff while knowing Plaintiff demanded no contact through cellular phone be made.

47. As pled in paragraphs 24 through 26, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, KRISTAL M. MIZE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

48. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

7

49. Plaintiff is a "consumer" as defined by Florida Statutes § 559.55(8).

50. Defendants are "debt collectors" as defined by Florida Statutes § 559.55(7).

51. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

    a. **Violations of FCCPA § 559.72(7)**

52. A person violates § 559.72(7) of the FCCPA when it "willfully communicate with the debtor . . . with such frequency as can reasonably be expected to harass the debtor . . . , or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor . . . ."

53. Defendants violated the above subsection by willfully sending unwanted text messages to Plaintiff in attempts to collect debts. Defendants were aware that Plaintiff demanded cease communication through cellular phone. They knew and should have known that any further contact to her cellular phone was harassing to Plaintiff.

54. Further, as outlined above, Defendants violated this subsection when they disclosed stranger's debt information to Plaintiff in a tactic to worry and confuse Plaintiff, which was naturally harassing to her.

    b. **Violations of FCCPA § 559.72(9)**

55. A person violates § 559.72(9) of the FCCPA when it claims or attempts to enforce a debt when such person knows that the debt is not legitimate.

56. Defendant violated § 559.72(9) of the FCCPA when it knowingly sent a stranger's debt file to Plaintiff in a masqueraded attempt to make her pay for debts she did not owe.

WHEREFORE, Plaintiff, KRISTAL M. MIZE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant;

    b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

    c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

    d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2);

    e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

    f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    g. Award any other relief this Honorable Court deems equitable and just.

Dated: August 24, 2021                                                    Respectfully submitted,

                                                                                       /s/Alejandro E. Figueroa
                                                                                       Alejandro E. Figueroa, Esq.
                                                                                       Florida Bar No. 1021163
                                                                                       *Counsel for Plaintiff*
                                                                                       Sulaiman Law Group, Ltd
                                                                                       2500 S Highland Ave, Suite 200
                                                                                       Lombard, IL 60148
                                                                                       Telephone: (630) 575-8181 Ext. 120
                                                                                       alejandrof@sulaimanlaw.com